Filed 10/10/13  In re Spates CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re ARTURO SPATES<br><br>     on Habeas Corpus. | G048721<br><br>(Super. Ct. No. 08HF2209)<br><br>O P I N I O N |

Original proceedings; petition for a writ of habeas corpus to file a timely notice of appeal.  Petition granted.

Appellate Defenders, Inc., and Michelle C. Rogers for Petitioner.

Kamala D. Harris, Attorney General, and Julie L. Garland, Assistant Attorney General for Respondent.

\*          \*          \*

THE COURT: *

Arturo Spates seeks relief from the failure to file a timely notice of appeal. The petition is granted.

On October 7, 2011, Arturo Spates was sentenced to six years after a jury trial. According to Spates's declaration, he asked retained trial counsel at his sentencing hearing to file a notice of appeal and "[counsel] promised me several times that he would file a notice of appeal on my behalf."

According to the declaration prepared by trial counsel, he acknowledges discussing the possibility of an appeal with Spates, but states he advised Spates to contact Appellate Defenders, Inc. if he wished to pursue an appeal and to contact him if he could not contact Appellate Defenders in time to file an appeal.

The principle of constructive filing of the notice of appeal should be applied in situations where a criminal defendant has asked counsel to file a notice of appeal on his behalf and counsel fails to do so in accordance with the law. (*In re Benoit* (1973) 10 Cal.3d 72, 87-88.) This is because a trial attorney is under a duty to either file the notice of appeal, or tell the client how to file it himself. In this case counsel did neither. Instead of filing the notice of appeal on Spates's behalf, or explaining to Spates how he could file the notice of appeal himself, counsel states he told Spates to contact Appellate Defenders, but provided Spates with no contact information either verbally or in writing such as a phone number or address that would be necessary to contact Appellate Defenders. Based on the principles set forth in *In re Benoit*, if counsel would not file a notice of appeal, Spates was entitled to advice from counsel explaining how to file a timely notice of appeal himself and therefore he is entitled to the relief requested.

---

\* Before Moore, Acting P.J., Aronson, J., and Ikola, J.

2

The Attorney General does not oppose Spates's request for relief to file a late notice of appeal without the issuance of an order to show cause. (*People v. Romero* (1994) 8 Cal.4th 728.)

The petition is granted. On petitioner's behalf, Appellate Defenders, Inc. is directed to prepare and file a notice of appeal in Orange County case number 08HF2209, and the Clerk of the Superior Court is directed to accept the notice for filing if presented within 30 days of this opinion becoming final. Further proceedings, including the preparation of the record on appeal, are to be conducted according to the applicable rules of court. In the interest of justice, the opinion in this matter is deemed final as to this court forthwith.